# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | | |
|---|---|---|
| CALEB LOREN VELVICK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 14-CV-6124-SJ-DGK-P |
| | ) | (Crim. No. 11-CR-6011-SJ-DGK-4) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Movant Caleb Loren Velvick ("Velvick") pled guilty to two drug-related charges. He now files a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Civ. Doc. 1). For the reasons below, Velvick's § 2255 motion is DENIED without an evidentiary hearing. The Court GRANTS a certificate of appealability on the single issue of whether Velvick's attorney was constitutionally ineffective by failing to file an appeal despite being expressly instructed to do so, but DENIES a certificate of appealability on all other grounds.

## Background[1]

The Kansas Bureau of Investigation and the Buchanan County, Missouri, Drug Strike Force jointly investigated methamphetamine trafficking in northeastern Kansas and northwestern Missouri. These agencies concluded that Velvick was involved in this illegal operation.

A federal grand jury returned a superseding indictment charging Velvick with one count of conspiring to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count I), and one count of conspiring to commit money

---

[1] This facts in this section derive from: (1) Velvick's record admissions, and (2) the allegations in his motion, taken as true except where they contradict the record. Because the facts in this light do not entitle Velvick to relief, the Court denies him an evidentiary hearing and rules on the above facts. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)); Rules Governing Section 2255 Proceedings, Rule 8(a).

laundering (Count II). While Velvick sat in pretrial detention, his attorney ("Counsel") provided him with various materials to prepare his case.

At some point, the Government's attorney became aware that Velvick might have case-related discovery, which his office's policy prohibits. The Government contacted Velvick's detention center and ordered them to search and seize all of the personal and confidential mail that Counsel had sent him.

Prison staff came to Velvick's cell and removed all of his legal materials over his protests. The correctional staff returned the materials several hours later, but not before relaying their findings to the Government. Counsel moved the Court to order the return of all seized materials (Crim. Doc. 322). The presiding magistrate judge wrote,

> The government represents, and defendant Velvick does not contest, that the only item seized from the defendant during that search was a single hand-written paper with some redactions. [The government represents t]hat this item was returned to the defendant and . . . that no other items, including legal mail, were seized or removed from the defendant's cell. The defendant also does not challenge this representation.

(Crim. Doc. 343). He denied the motion as moot.

Afterwards, the Government's attorney emailed Counsel and threatened to stop disclosing discovery materials. Deterred by this email, Counsel allegedly lost interest in Velvick's defense and began encouraging him to plead guilty to avoid going to trial and likely receiving a life sentence.

Velvick pled guilty to both counts under a written and binding plea agreement. The plea agreement expressly waived his right to collaterally challenge his conviction or sentence "on any ground," except claims of ineffective assistance of counsel, prosecutorial misconduct, an illegal sentence, or the imposition of a sentence other than the one recommended in the agreement. (Crim. Doc. 431 at ¶ 15(b)). Just before his signature, the plea agreement reads,

I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and any statutory minimums. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

(*Id.* at 16). The Court sentenced Velvick to 180 months' imprisonment. He did not appeal.

In 2011, Velvick pled guilty in the Circuit Court of Buchanan County, Missouri, to two counts of possession of a controlled substance. *State v. Velvick*, No. 10BU-CR02502-01 (Mo. Cir. Ct. filed Dec. 22, 2010); *State v. Velvick*, No. 10BU-CR-02766-01 (Mo. Cir. Ct. filed Dec. 22, 2010). Although the facts of these cases do not appear in this Court's record, Velvick avers that they arise out of the same methamphetamine trafficking operation at issue in his federal case.

### Analysis

A district court may vacate a federal conviction if it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A § 2255 motion "is not a substitute for a direct appeal, and is not the proper way to complain about simple trial errors." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (internal citation omitted).

Velvick argues the Court should vacate his sentence on three grounds: (1) prison staff, acting on behalf of the Government, conducted an unconstitutional search of his legal files; (2) ineffective assistance of counsel; and (3) the Government failed to consolidate all charges against him in a single proceeding. Each argument lacks merit.

**I.  Velvick's attorney was not constitutionally ineffective on the grounds that he failed to vigorously defend him or that he failed to file an appeal.**

The Court begins with Velvick's second ground for relief, which concerns the Sixth Amendment right to effective assistance of trial counsel. To establish that counsel's assistance

3

was so ineffective that it deprived the petitioner of her Sixth Amendment rights, he must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).[2] Velvick argues Counsel did not help him as much as he should have, and failed to file an appeal.

Velvick first argues Counsel was ineffective for failing to vigorously investigate and develop his defense, especially after the Government's attorney threatened Counsel. He argues that had Counsel not been deficient, he would have rejected the plea agreement and gone to trial.

"In order to satisfy the prejudice prong of the *Strickland* test in the guilty plea context, a defendant must establish a reasonable probability that he would have exercised his right to a trial but for counsel's ineffectiveness." *Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012) (footnote omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Id.*

"[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence," as here, "the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Under *Hill*, a petitioner must provide the court "with the type of specific facts which would allow . . . an intelligent assessment of the likelihood that [he] would not have [pled] guilty." *Tran v. Lockhart*, 849 F.2d 1064, 1067 (8th Cir. 1988).

---

[2] Contrary to the Government's assertion (Doc. 8 at 9–10), Velvick's guilty plea does not per se invalidate any claim to ineffective assistance of counsel. *See generally Missouri v. Frye*, 132 S. Ct. 1399 (2012).

There is no reasonable probability that Velvick would have proceeded to trial had his attorney been more invested in his case and more thoroughly investigated his innocence. For example, he does not identify a single witness or piece of evidence which, if discovered or investigated by Counsel, would have increased his odds of acquittal at trial. *See Hill*, 474 U.S. at 59. Although he complains that Counsel refused "to do something about [retrieving Velvick's seized] legal items" (Doc. 12 at 5), Velvick does not explain how or why the case against him would have been any different had the Government been precluded from using those items at trial. *See Hill*, 474 U.S. at 59. Finally, he does not explain how, had Counsel not succumbed to pressure from the Government's attorney, Counsel would have been in any better position to bargain with the Government or to succeed at trial—that is, what discovery the Government's attorney was capable of withholding from Velvick if he followed through on his threat.

Velvick's conclusory insistence that "the case may have took a much different turn, or possibly been dismissed all together" (Doc. 12 at 5) fails to establish a "substantial" likelihood that he actually would have insisted on going to trial, and succeeded, had Counsel done all of the unspecified things Velvick asked him to do. *See Tran*, 849 F.2d at 1067; *Hill*, 474 U.S. at 59.

In his second ineffective-assistance claim, Velvick asserts that he "asked [Counsel] to help him with getting the appeal papers ready before sentencing was held, . . . which [Counsel] failed to do" (Doc. 12 at 2); *accord* (*id.* at 5). An attorney is categorically ineffective if the defendant "manifestly instructed" the attorney to appeal but he fails to comply. *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014); *accord Roe v. Flores-Ortega*, 528 U.S. 470, 477, 478 (2000) (holding that an attorney is ineffective if he received and ignored "specific" or "express" instructions with respect to an appeal). A partial appellate waiver, such as the one

here, does not foreclose such a claim. *Witthar v. United States*, 793 F.3d 920, 923 (8th Cir. 2015).

At most, Velvick alleges that he asked his attorney to begin *preparing* an appeal, not to actually *file* one. This reading is consistent with the fact that Velvick made this request before the sentencing hearing, that is, before he knew what sentence he would receive and before Counsel even could have filed an appeal. Therefore, he has not shown that he "manifest[ly]," "specific[ally]," or "express[ly]" instructed Counsel to file an appeal. *See Walking Eagle*, 742 F.3d at 1082; *Roe*, 528 U.S. at 478. The Court rejects his ineffective assistance of counsel claim on this basis.

Velvick has failed to demonstrate any regard in which Counsel's alleged deficiencies prejudiced him. *See Cullen*, 563 U.S. at 189; *Hill*, 474 U.S. at 59. Thus, Ground Two is denied. *See Strickland*, 466 U.S. at 697 (requiring both deficient conduct and actual prejudice for an ineffective-assistance claim to succeed).

## II. Velvick's plea agreement waived his right to bring Grounds One and Three.

Thus remains Grounds One and Three. Velvick's first ground for overturning his sentence concerns the Government's search of his jail cell. By illegally searching his cell, confiscating his privileged materials, and using those materials against him, the Government supposedly violated the Fourth Amendment.

In Ground Three, Velvick argues that the Government violated its *Petite* Policy by charging him in federal court after the State of Missouri had already charged and convicted him of the same crimes. Named after a United States Supreme Court decision, the *Petite* Policy is a "Department of Justice rule forbidding a federal prosecution after a previous state or federal prosecution based on the same acts unless" certain conditions are met. Petite *Policy*, *Black's*

6

*Law Dictionary* (10th ed. 2014). Velvick alternatively argues this "double dipping" violates the Double Jeopardy Clause. *See* U.S. Const. amend. V.

A movant is barred from raising an issue in a § 2255 proceeding that he did not litigate on direct appeal. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The movant can circumvent this bar by establishing cause for the procedural default and actual prejudice. *Id.*[3]

Because Velvick did not appeal the Court's judgment, he has procedurally defaulted these claims. He suggests no cause for his default. *See id.* Therefore, the Court denies Grounds One and Three.[4]

### III. A certificate of appealability shall issue on one ground.

Because the Court will enter a final order adverse to Velvick, it must grant or deny a certificate of appealability. *See* Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claims "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004).

---

[3] An additional exception provides procedural-default relief when the petitioner demonstrates actual innocence. *Bousley*, 523 U.S. at 622. However, this exception is available only in capital cases, which is not the circumstance here. *See Embrey v. Hershberger,* 131 F.3d 739, 740 (8th Cir. 1997) (en banc).

[4] The Court would also deny Ground Three on its merits. "The *Petite* policy is a discretionary policy of the Department of Justice. It does not confer any substantive rights and its application cannot form the basis for a claim of improper prosecution." *United States v. Leathers*, 354 F.3d 955, 962 (8th Cir. 2004). Therefore, Velvick can "obtain no relief based on it even if the government acted contrary to it here." *United States v. Larsen*, 427 F.3d 1091, 1094 (8th Cir. 2005).

In his reply brief, Velvick alternatively frames his federal prosecution as a double jeopardy violation. However, the "[p]rosecution of a federal offense after the prosecution of a state offense arising out of the same acts does not violate the Double Jeopardy Clause." *United States v. Stroud*, 673 F.3d 854, 860 (8th Cir. 2012). Thus, there is no double jeopardy violation. Therefore, the Court alternatively denies Ground Three on these grounds.

The Court finds that a reasonable jurist might resolve this motion differently on a single constitutional issue. *See id.* The Court thus issues a certificate of appealability on the following question:

**Whether Velvick's attorney provided ineffective assistance with regard to filing an appeal.**

*See* 28 U.S.C. § 2253(c)(3).

The Court finds that no reasonable jurist would grant any remaining part of this motion, and so denies a certificate of appealability accordingly. *See id.* § 2255.

**Conclusion**

Because Velvick's claims lack merit, his Motion to Vacate, Set Aside, or Correct Judgment Pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED. A certificate of appealability is GRANTED on the question identified above, and DENIED in all other respects.

**IT IS SO ORDERED.**

Date:  December 30, 2015          /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT